IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LaGARRIAN CLARK,<br><br>      Petitioner<br><br>  VS.<br><br>FREDERICK HEAD, WARDEN,<br><br>      Respondent | NO.  3:09-CV-116 (CDL)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION TO DISMISS

On August 18, 2009, petitioner LaGarrian Clark executed a petition seeking federal habeas corpus relief.  Tab #1.  Respondent WARDEN Frederick Head filed an Answer (Tab #8) and a motion seeking dismissal of the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2244(d) (Tab #9).  Petitioner Clark was ordered to respond and has responded to the respondent's motion.  Tab #12.

LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

 *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

 *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

 *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

 *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## FACTUAL AND PROCEDURAL HISTORY

On January 12, 2006, in Elbert County, Georgia, petitioner Clark pled guilty to burglary, aggravated assault with intent to rape, and second degree criminal damage to property. He was sentenced to a forty-five (45) year "split" sentence, to serve thirty (30) years incarcerated and the balance on probation. He did not seek a timely appeal.[1] On May 24, 2006, petitioner Clark filed a state habeas corpus petition. On January 29, 2008, following an evidentiary hearing, the state habeas petition was denied. Petitioner Clark's subsequently filed an application for a certificate of probable cause to appeal the denial of habeas corpus relief; this application was denied by the Georgia Supreme Court on September 23, 2008. On August 18, 2009, petitioner Clark submitted the instant federal petition.[2] Respondent WARDEN Head filed his answer and the instant motion seeking dismissal of this petition as untimely.

## DISCUSSION

Upon review of the positions of the petitioner and respondent herein, the undersigned finds persuasive the respondent's argument that the instant petition is untimely filed. In support of this conclusion, the undersigned makes the following observations: (1) petitioner Clark's convictions became final on or about February 11, 2006, the date on which the 30-day period for filing a notice of appeal, pursuant to O.C.G.A. § 5-6-38, from his guilty plea expired; (2) petitioner Clark waited until May 24, 2006 to file his state habeas petition; (3) following the September 23, 2008 denial of his application for a certificate of probable cause to appeal the denial of his state habeas corpus petition, petitioner Clark waited until August 18, 2009 to file the instant federal petition; and, (4) the total amount of un-tolled time elapsing between the petitioner's convictions becoming final and the submission of this federal habeas corpus petition is four-hundred-thirty-one (431) days.

---

[1] Petitioner filed a motion seeking an out of time appeal on March 3, 2009. See *Clark v. State*, No. A09A1697 (Ga. App. Aug. 5, 2009). The motion was denied by the trial court on March 20, 2009, and the appellate court affirmed the denial on August 5, 2009. Id. Under Georgia law, there is no unqualified right to a direct appeal from a guilty plea; such an appeal will only lie for issues which may be resolved from the face of the record. *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996). As the petitioner failed to show any justification for a direct appeal, the time this motion was pending does not factor into the one-year calculation.

[2] While the instant petition was actually filed with the court on September 22, 2009, it is undisputed that the petition itself was signed and submitted by the petitioner on August 18, 2009.

In light of the foregoing, it is clear that petitioner Clark has exceeded the one-year period of limitations and that his federal petition was untimely filed. Accordingly, **IT IS RECOMMENDED** that respondent's motion seeking dismissal be **GRANTED** and that the instant petition for habeas corpus relief be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 28th day of December, 2009



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE